**Muamet SELA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–2027–ag.**

United States Court of Appeals, Second Circuit.

Nov. 7, 2006.

Robert J. Pures II, Christophe & Associates, P.C., New York, NY, for Petitioner.

Toi Denise Houston, Assistant United States Attorney, Hammond, IN, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROGER J. MINER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Muamet Sela, a native and citizen of Macedonia, seeks review of an April 11, 2006 order of the Board of Immigration Appeals ("BIA") affirming the February 9, 2006 decision of Immigration Judge ("IJ") Annete S. Elstein dismissing petitioner's motion to reopen his deportation proceedings. *In re Muamet Sela,* No. A 29 253 992 (B.I.A. Apr. 11, 2006), *aff'g* No. A 29 253 992 (Immig. Ct. N.Y. City Feb. 9, 2006). The IJ had previously entered an order of deportation *in absentia* in February 2002, at which point Sela's

pending applications for asylum, withholding of removal, and relief under the Convention Against Torture were considered denied. *In re Muamet Sela*, No. A 29 253 992 (Immig. Ct. N.Y. City Feb. 2, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA dismisses an appeal from the denial of a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ Here, the BIA did not abuse its discretion by affirming the IJ's denial of Sela's motion to reopen. *In absentia* orders of deportation may only be rescinded if (1) the alien files a motion to reopen within 180 days of the order of deportation and sets forth exceptional circumstances explaining his failure to appear, or (2) files a motion to reopen at any time and provides proof that he did not receive proper notice of the deportation hearing. 8 U.S.C. § 1229a(b)(5)(C).[1] The BIA and IJ appropriately determined that Sela failed to establish either requirement. First, even assuming that the actions of Sela's prior attorney amounted to exceptional circumstances, the BIA and IJ correctly determined that Sela failed to file his motion with the 180–day period. *See id.* § 1229a(b)(5)(C)(i); 8 C.F.R.

§ 1003.23(b)(4)(iii)(A)(1). Second, Sela's argument that his prior attorney's ineffective assistance of counsel caused his failure to appear at his hearing and resulted in his deportation order is unavailing. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2). While Sela contends that his prior attorney informed him of an incorrect date for his individual hearing, the IJ has indicated that Sela was informed of the hearing date in question through both oral and written notice during proceedings that were conducted in English upon his own request. Sela does not dispute the IJ's observations.

■ Moreover, the BIA and IJ properly found that Sela failed to establish the due diligence necessary to toll the 180–day period for reopening. The record reflects that Sela was aware of his *in absentia* order as early as February 2002, yet he did not file his motion to reopen until four years later in February 2006. While Sela summarily asserts in his motion that he "exercised the due diligence required under *Iavorski v. United States INS*, 232 F.3d 124 (2d Cir.2000)," he has failed to offer any evidence or factual allegations to support this assertion. In the absence of any explanation, Sela's four-year delay in filing his motion did not amount to due diligence to warrant equitable tolling. *See id.* at 134.

■ Additionally, the BIA did not abuse its discretion when it neglected to address Sela's claim of "changed country conditions." The basis for Sela's argument that "changed country conditions" or "changed circumstances" were present because he was eligible for relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), is simply unclear. Sela previously filed a motion to reopen

---

1. Although the BIA denied Sela's motion based upon former 8 U.S.C. § 1252b(c)(3), that section was repealed effective 1997 and recodified, as amended, without material change at 8 U.S.C. § 1229a(b)(5)(C).

proceedings to request relief under NA-CARA in 1999 after an earlier *in absentia* order of deportation had been issued, and that motion was granted. Sela subsequently failed to appear at his February 2002 hearing. He has failed to demonstrate how any prior eligibility for relief under NACARA now constitutes "changed country conditions" warranting the grant of his current motion to reopen. Accordingly, the BIA properly affirmed the IJ's dismissal of Sela's motion to reopen and provided adequate reasoning for doing so. *See Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005); *Ke Zhen Zhao,* 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).